UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LANGFORD,

    Petitioner,                      CASE NO. 04-CV-74335-DT
v.                                     HONORABLE BERNARD A. FRIEDMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE

KURT JONES,

    Respondent,
_____/

**OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY**

On July 7, 2006, this Court issued an opinion and order denying petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court also *sua sponte* denied petitioner a certificate of appealability on the ground that petitioner failed to make a substantial showing of the denial of a constitutional right with respect to his claims. This matter has now been remanded by the United States Court of Appeals for the Sixth Circuit "for the sole purpose of determining whether to grant or deny a certiticate of appealability." *Langford v. Jones,* U.S.C.A. No. 06-2075 (6th Cir. October 3, 2006). For the reasons stated below, the Court will again deny petitioner a certificate of appealability.

**A. Standard of Review**

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the

district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

### B.  The individual claims.

As mentioned above, this Court denied petitioner a certificate of appealability at the time that it denied the petition for writ of habeas corpus. *Langford v. Jones,* U.S.D.C. No. 04-CV-74335-DT, * 20-21 (E.D. Mich. July 7, 2006).  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,*

310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002). This Court also indicated in its judgment that it was denying a certificate of appealability to petitioner. [Court Dkt. Entry # 35]. It is therefore unclear why this matter has been remanded to this Court, in light of the fact that the Court has already denied petitioner a certificate of appealability. However, to avoid any further confusion, the Court will specifically deny a certificate of appealability with respect to each of petitioner's claims.

### I. Claims # 1 and # 6. The prosecutorial misconduct claims.

In his first and sixth claims, petitioner contended that he had been deprived of a fair trial because of various instances of prosecutorial misconduct. The Court rejected petitioner's prosecutorial misconduct claims, finding that petitioner had failed to show that the prosecutor's conduct and remarks denied him a fundamentally fair trial. A certificate of appealability is not warranted where a petitioner fails to show that a prosecutor's statements rose to the level of a substantial showing of the denial of a constitutional right. *See Corwin v. Johnson*, 150 F.3d 467, 477 (5th Cir. 1998). Petitioner is therefore not entitled to a certificate of appealability on his first and sixth claims.

### II. Claims # 2, 4, and # 5. The state law claims.

In his second and fourth claims, petitioner alleged that the trial court erred in admitting the prior consistent statements of prosecution witness Eugene

Childrey into evidence.  In his fifth claim, petitioner contended that the trial court erred in refusing to reconsider the ruling that a previous trial judge had made regarding a motion to suppress evidence.  The Court rejected these three claims because they involved matters of state law that are non-cognizable in federal habeas review.  Petitioner is not entitled to a certificate of appealability on these claims, because the issues are not constitutionally cognizable. *See e.g. Knowles v. Hines,* 9 Fed. Appx. 890, 892 (10th Cir. 2001).  Because a federal habeas court has no jurisdiction to grant relief on a violation of state law, the Court declines to grant a certificate of appealability on petitioner's second, fourth, or fifth claims. *See Stringer v. Williams*, 161 F. 3d 259, 261 (5th Cir. 1998).

**III. Claim # 3.  The Confrontation Clause claim.**

Petitioner next contended that his right to confrontation was violated when his counsel was precluded from cross-examining Eugene Childrey about the maximum sentence that he avoided by entering into the plea bargain with the prosecutor, in exchange for his testimony against petitioner.  Petitioner's Confrontation Clause rights were not violated by the trial court's refusal to allow counsel to question Childrey about the specific penalties that he would have received had he not cooperated, because counsel was able to question Childrey about the fact that he had received a plea bargain in exchange for his testimony, the fact that he faced severe penalties for failing to cooperate, and the fact that he was receiving a lesser sentence for cooperating with the prosecution.

Courts have issued a certificate of appealability on Confrontation Clause claims where the issue presented a "close question." *See Bui v. DiPaolo*, 985 F. Supp. 219, 229 (D. Mass. 1997). Petitioner is not entitled to a certificate of appealability on his third claim, because his Confrontation Clause claim did not present a "close question" for this Court.

**IV. Claim # 7.  The jury instruction claims.**

Petitioner next claimed that the trial court erred in refusing to instruct the jury on the lesser included offense of being an accessory after the fact and further claimed that the trial court gave an erroneous aiding and abetting instruction. The Court rejected the first part of petitioner's claim, because the Michigan Court of Appeals determined that petitioner was not entitled under Michigan law to an instruction on accessory after the fact.  Because the Michigan Court of Appeals determined that petitioner was not entitled under state law to such an instruction, he is not entitled to a certificate of appealability on this claim. *See e.g. Leech v. Hines,* 151 Fed. Appx. 710, 712 (10th Cir. 2005).  The Michigan Court of Appealsfurther concluded that the aiding and abetting instruction was an accurate reflection of state law.  Because the aiding and abetting intruction is an accurate reflection of state law, petitioner is not entitled to a certificate of appealability on this portion of his claim. *See Johnson v. Beck,* 150 Fed. Appx. 807, 810 (10th Cir. 2005).

5

**V.  Claim #  8.  The right to testify claim.**

In his eighth claim, petitioner contended that the trial court erred in failing to ascertain whether petitioner wanted to testify or whether he wished to waive that right.  In rejecting this claim, the Court noted that when a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000).  Waiver of the right to testify may be inferred from a defendant's conduct.  Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *United States v. Webber,* 208 F. 3d 545, 551 (6th Cir. 2000).  In the present case, petitioner did not alert the trial court at the time of trial that he wanted to testify. Thus, his failure to do so constituted a waiver of this right. *Id.*  Because there was noting in the record to suggest that petitioner disagreed with counsel's advice that he should not testify, petitioner failed to overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel rendered ineffective assistance of counsel. *Gonzales,* 233 F. 3d at 357.

In the absence of some indication that petitioner's failure to testify at trial was the result of coercion, rather than advice from his counsel that to testify would be damaging to his case, petitioner is not entitled to a certificate of appealability his claim that his counsel prevented him from exercising his right to testify. *See Paradise v. DuBois,* 188 F. Supp. 2d 4, 9-10 (D. Mass. 2001).

**VI.  Claim # 9. The ineffective assistance of counsel claims.**

In his ninth claim, petitioner alleged that he was denied the effective assistance of trial counsel.

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).  For the reasons stated by the Court in much greater detail in the order denying the petition for writ of habeas corpus, petitioner has failed to make a substantial showing that he was denied the effective assistance of counsel.  A certificate of appealability shall not issue on these claims.

## C. ORDER

For the reasons stated both in the Court's original opinion and order denying habeas relief, as well as in this opinion, the Court will DENY petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of his nine claims. *Dell,* 194 F. Supp. 2d at 659.

s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
CHIEF UNITED STATES DISTRICT JUDGE

DATED: October 24, 2006